IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03428-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

JOSEPH ORIN HOLT,

    Petitioner,

v.

ZUPAN, Warden,

    Respondent.

---

## ORDER DIRECTING PETITIONER TO CURE DEFICIENCIES

---

    Petitioner, Joseph Orin Holt, is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") and is currently incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  Mr. Holt initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.  In the Application, Mr. Holt complains that he is being forced to complete sex offender treatment for offenses that occurred 30-40 years ago, long before the Sex Offender Treatment Program was instituted in 1998 in conjunction with the Sex Offender Lifetime Supervision Act, COLO. REV. STAT. § 18-1.3-1001, *et seq.*  He asserts that he is being denied earned time credits and prison jobs because he refuses to participate in the program.  Mr. Holt seeks declaratory and injunctive relief.

    "The essence of habeas corpus is an attack by a person in custody upon the

legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Petitions under § 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996).

It is well established in the Tenth Circuit that a habeas corpus application is an improper vehicle for a prisoner to challenge the conditions of his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983. *Id.* Mr. Holt's allegations implicate the conditions of his confinement, not the execution of his sentence.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted documents are deficient as described in this Order. Mr. Holt will be directed to cure the following if he wishes to pursue his claims. Any papers that Mr. Holt files in response to this Order must include the civil action number noted above in the caption of this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) ___ is not submitted
(2) ___ is missing affidavit
(3) xx is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) ___ is missing certificate showing current balance in prison account
(5) ___ is missing required financial information
(6) xx is missing authorization to calculate and disburse filing fee payments
(7) ___ is missing an original signature by the prisoner
(8) xx is not on proper form (must use form applicable to a Prisoner Complaint)
(9) ___ names in caption do not match names in caption of complaint, petition or habeas application
(10) xx other: motion and supporting documents are necessary only if filing and administrative fees totaling $400.00 filing fee are not paid.

**Complaint, Petition or Application**:

(11) ___ is not submitted
(12) _xx_ is not on proper form (must use the court's current form for filing a Prisoner Complaint)
(13) ___ is missing an original signature by the prisoner
(14) ___ is missing page nos. ___
(15) ___ uses et al. instead of listing all parties in caption
(16) ___ An original and a copy have not been received by the court. Only an original has been received.
(17) ___ Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) ___ names in caption do not match names in text
(19) ___ other:

Accordingly, it is

ORDERED that Petitioner cure the deficiencies designated above **within thirty days from the date of this Order**. Any papers that Petitioner files in response to this Order must include the civil action number on this Order. It is

FURTHER ORDERED that Petitioner shall obtain the Court-approved forms for filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915(with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Petitioner fails to cure the designated deficiencies **within thirty days from the date of this Order**, the action will be dismissed without further notice.

DATED:  December 22, 2014, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge