IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03428-GPG

JOSEPH ORIN HOLT,

    Applicant,
v.

ZUPAN, Warden,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Joseph Orin Holt, is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") and is currently incarcerated at the Colorado Territorial Correctional Facility in Canón City, Colorado.  Mr. Holt initiated this action by filing, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3). In the Application, Mr. Holt complains that he is being forced to complete sex offender treatment for misdemeanor sex offenses that occurred 30-40 years ago, long before the Sex Offender Treatment Program was instituted in 1998 in conjunction with the Sex Offender Lifetime Supervision Act, COLO. REV. STAT. (C.R.S.) § 18-1.3-1001, *et seq*. He asserts that he is being denied earned time credits and prison jobs because he refuses to participate in the program.  Mr. Holt seeks declaratory and injunctive relief.

    On December 22, 2014, Magistrate Judge Gordon P. Gallagher reviewed the submitted documents and determined that they were deficient because Applicant's

allegations challenged the conditions of his confinement, rather than the execution of his sentence. It is well established in the Tenth Circuit that a habeas corpus application is an improper vehicle for a prisoner to challenge the conditions of his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983. *Id.* Accordingly, Magistrate Judge Gallagher ordered Applicant to file, within thirty (30) days, a Prisoner Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, on the court-approved forms. (ECF No. 4). Magistrate Judge Gallagher warned Applicant that failure to comply with the December 22 Order would result in dismissal of this action without further notice.

Mr. Holt has now failed to comply in whole, or in part, with the December 22, 2014 Order. Accordingly, the Court will dismiss this action because Mr. Holt's allegations are not cognizable in a habeas corpus proceeding.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Petitions under § 2241 are used to attack the execution of a sentence." *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996).

Colorado law expressly authorizes the CDOC to "withhold" or "withdraw" any "earned time deduction[s]" for inmates who were sentenced for crimes committed on or after July 1, 1985. C.R.S. § 17.22.5-302(4). Mr. Holt alleges that his current offenses were committed in 1993. (ECF No. 1, at 4). Accordingly, under state statute, the award of earned-time credits to Mr. Holt is within the discretion of prison officials and he

does not have a constitutionally protected liberty interest in earned-time credits. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006).  Further, in Colorado, earned-time credits do not count as service of an inmate's sentence, *see Rather v. Suthers*, 973 P.2d 1264, 1266 (Colo.1999), but instead function only to establish parole eligibility, *see Jones v. Martinez*, 799 P.2d 385, 387-88 and n.5 (Colo.1990) (collecting cases).  *Cf. Thiret v. Kautzky*, 792 P.2d 801, 805-07 (Colo.1990) (recognizing an exception for inmates sentenced to a crime committed after July 1, 1979, but before July 1, 1985, who are normally entitled to mandatory, not discretionary, parole (except for sex offenders)).  Therefore, even if Mr. Holt was awarded all of the earned time credits to which he claims an entitlement, he would not be assured immediate or speedier release.  *See Kailey v. Price*, No. 12-1276, 497 F. App'x 835, 836-37 (10th Cir. Sept. 27, 2012) (unpublished) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("[H]abeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement.") (emphasis in original omitted); *see also Frazier v. Jackson*, No. 09-1429, 385 F. Appx. 808, 810-11 (10th Cir. 2010) (unpublished) ("An application for habeas relief may be granted only when the remedy requested would result in the prisoner's immediate or speedier release from confinement.").

Furthermore, Mr. Holt's allegations that he is being denied certain prison jobs and "the incentive pod" as a result of his classification as a sex offender implicate the conditions of his confinement, and do not affect his release date from prison.  In any event, prisoners do not have a constitutionally-protected liberty interest in a prison job.

*Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir.1996) ("prison regulations entitling prisoners to work do not create a constitutional liberty interest because a denial of employment opportunities to an inmate does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'") (citation omitted); *Templeman v. Gunter*, 16 F.3d 367, 370 (10th Cir.1994) (holding that the loss of a prisoner's job did not result in a deprivation of liberty or property). Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Applicant, Joseph Orin Holt, on December 19, 2014, DENIED and this action is DISMISSED. Mr. Holt is free to initiate a separate civil right action under 42 U.S.C. § 1983 if he wishes to pursue claims challenging the conditions of his confinement. It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of the procedural ruling and Mr. Holt has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Holt files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED January 29, 2015, at Denver, Colorado.

                        BY THE COURT:


                        s/Lewis T. Babcock
                        LEWIS T. BABCOCK, Senior Judge
                        United States District Court